# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 99-27-P-H** |
| | ) | |
| **JEREMY BENDER,** | ) | |
| **DEFENDANT** | ) | |

## ORDER ON DEFENDANT'S MOTION TO MODIFY
## TERM OF IMPRISONMENT

The defendant's Motion to Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2) is **DENIED**. I sentenced this defendant on April 10, 2001. He argues that Sentencing Guideline Amendment 709, which took effect on November 1, 2007, should alter his Criminal History and his Guideline sentence.

Section 3582(c)(2) allows resentencing where the United States Sentencing Commission has lowered a guideline range "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." But the Commission's applicable "policy statement" is USSG 1B1.10. It provides for retroactive effect for guideline amendments only if they are specifically listed in USSG 1B1.10(c). Amendment 709 is not listed there. Therefore, it is not retroactive and it does not help this defendant. Nothing in United States v. Booker, 543 U.S. 220 (2005), changes that outcome or makes the statute and Policy Statement unconstitutional. Booker does not apply

retroactively to sentences that are already final.  Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005).  Booker also does not apply to sentence reductions.  See United States v. Julien, 550 F. Supp. 2d 138, 140 (D. Me. 2008); United States v. Poland, 533 F. Supp. 2d 199, 207-08 (D. Me. 2008).

**SO ORDERED.**

**DATED THIS 2ND DAY OF JUNE, 2010**

                                          /s/D. Brock Hornby
                                          **D. BROCK HORNBY**
                                          **UNITED STATES DISTRICT JUDGE**